THOMAS H. HUNT *vs.* CENTURY INDEMNITY COMPANY.

JUNE 18, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

·CONDON, J. This is a bill in equity brought to reform a liability insurance policy in aid of an action at law pending in the superior court in which the complainant and respondent here are respectively plaintiff and defendant.

After hearing on bill, answer and proof, the trial justice gave decision in favor of the complainant and a decree was entered granting the relief prayed for. The respondent appealed from this decree and has duly prosecuted its appeal to this court.

It appears from the testimony that the respondent issued to Marie L. Loyer a policy of insurance insuring her against liability, for damages because of personal injuries accidently caused to any person by the operation of the automobile described in said policy. This policy contained the declaration in printed type as follows: "The named Assured has complete ownership of all disclosed automobiles—except as herein stated:", and in typewriting there was inserted the words "No exceptions." The assured personally received this policy from the agent the day it was issued, September 25, 1928, but did not read it.

On July 8, 1929, the complainant, Thomas H. Hunt, was injured in an accident while a passenger in this automobile and while it was being operated in North Smithfield, Rhode Island, by Miss Loyer. On June 30, 1930, Hunt brought suit against Miss Loyer. The respondent refused to defend this action on the ground of non-cooperation therein by the insured and the insured retained counsel to defend her. After trial in the superior court on November 17, 1931, Hunt obtained a verdict for $5000. Judgment was entered November 24, 1931, and on June 10, 1932, the execution was returned wholly unsatisfied. Thereupon, on October 10, 1932, Hunt brought an action at law directly against this respondent in accordance with sec. 7, chap. 258, G. L. 1923, and as provided by the terms of the policy.

At the trial of the action against the respondent, however, it did not offer the defense of non-cooperation but sought to escape liability under the policy on the ground that Marie L. Loyer did not have *complete ownership* of the automobile as stated in the policy. The plaintiff, the present complainant, thereupon moved that the case be passed until the policy could be reformed to express the

true contract between Marie L. Loyer and the insurer. This motion was granted and on October 4, 1933, the plaintiff, Thomas H. Hunt, brought the present bill in equity for reformation of the policy. On March 6, 1934, Marie L. Loyer was made a party complainant on the motion of Hunt, and with her consent.

It appeared from the testimony at the hearing that Miss Loyer had gone to the office of the respondent's agent in Woonsocket, Rhode Island, and requested liability insurance on her Chrysler car; that the agent informed her the price was $49 for such a policy; that he explained the protection accorded her under the policy; that he made only one request of her for information before issuing the policy to her, and that was a request for her automobile registration. From the card containing the registration, which she handed him, he obtained all the information for filling in the blanks in the printed policy, and was satisfied apparently that the registration card was sufficient evidence of ownership of the automobile by her to warrant him in issuing a liability insurance policy.

The agent testified that Miss Loyer had come to him and said: "I want insurance on my car", and Miss Loyer testified substantially to the same effect, that she wanted liability insurance "on my Chrysler car." The policy that was issued to her on the strength of these negotiations contained a declaration of *complete ownership* of the automobile by the insured, although Miss Loyer did not at any time make any representation other than to refer to the automobile as her car.

It was admitted that the agent was authorized to issue and sign this policy on behalf of the respondent. The agent testified that he was not required to submit the policy to the home office of the respondent company before issuing it, and that he did issue the policy to Miss Loyer without submitting it to anybody else for approval. He further testified that he did not ask or get from Miss Loyer any information to the effect that she had complete ownership of the

automobile or as to her title otherwise thereto. Finally, it may be observed that the agent testified, in answer to the question whether Miss Loyer's automobile registration card furnished all the information he needed to write the policy: "I assumed that the registration card took in everything." In writing automobile liability insurance, he also testified that he did not inquire whether the automobile had been fully paid for by the insured.

The respondent put in no evidence but rested its case on argument at the conclusion of the complainant's evidence. It contends that this evidence does not disclose sufficient grounds to justify a decree for reformation of the policy, but on the contrary warrants a decree for cancellation of the policy. The respondent also contends that Hunt, in any event, is not a proper complainant in a suit against it for reformation of the policy, and that Marie Loyer is barred by the terms of her policy. In support of its contention as to Hunt, the respondent cites numerous cases and strongly argues therefrom that, inasmuch as Hunt's right to sue the insurance company is statutory, his remedy by way of an action at law is exclusive. Therefore, it argues, Hunt has no standing in a court of equity.

On the facts of this case, we are of the opinion that the complainant has a cause of action on which he may sue, and that this right to sue is not, as argued by the respondent, exclusively statutory. It is true that under G. L. 1923, chap. 258, sec. 7, the procedure for bringing suit against an insurer by one injured by the insured under a liability insurance policy is explicitly prescribed, but that statute is primarily a statute imposing an obligation, upon all insurers writing liability insurance for personal injuries in this state, to include in such insurance a provision that the insurer shall be directly liable to the injured person. The statute then goes on to prescribe the manner in which and the time when the injured person may proceed directly against the insurer.

This act first appeared in our laws in 1915, when, by the

enactment of sec. 1, (sec. 9) chapter 1268 of public laws 1915. it provided that suit could be brought against both the insured and the insurer jointly. Later, in 1921, the act was amended to provide that the injured person may proceed directly against the insurer only if any process issued against the insured is returned *non est inventus*. This statute did not confer on the injured person, for whose benefit the insured had taken out a policy of liability insurance, the right to sue the insurer. The statute requires that insurance policies written in this state against liability for personal injuries shall contain provisions making the insurer directly liable to the injured person. Under a policy, written in the form so required, the injured person stands in the same relation to the insurer as the beneficiary under a life insurance policy. The right of the beneficiary of such a policy to sue the insurer is not open to question in this state, and is not dependent upon statute.

A liability insurance policy providing that the insurer should be directly liable to the injured person could have been legally written in this state prior to the enactment in 1915 of said sec. 1 (sec. 9) of chap. 1268, and under it the injured person could have brought suit against the insurer by force of such a provision in the policy without the aid of a statute. What the statute really did was to compel insurers, who wrote insurance against liability for personal injuries, after the effective date of the statute, to write their policies in such a form as to provide direct liability of the insurer to the injured person. The policy, in the instant case, provides for such direct liability in conformity with the statute.

If a person has a legal right to bring an action on a contract, we very much doubt whether his equitable right to sue for a reformation of it depends upon his legal right being at common law and not by statute. But, at any rate, we are convinced that Hunt was a proper party to bring the bill in equity now before us. The respondent's contention then that Hunt has no standing in equity is not sound, and its citation of *Farrell* v. *Employers Liability Assurance*

*Corp. Ltd.,* 54 R. I. 18, in support of such contention is not justified. When this court said in that case, "The right which the plaintiff asserts is not a right at common law but is conferred by statute and must be pursued by the method prescribed by the statute", it was referring to the rights of the plaintiff in that case, not under the law of this state but under the law of Massachusetts. Under the law of that state it is only by force of a statute that a beneficiary under a life insurance policy can sue the insurer, *Wright* v. *Vermont Life Ins. Co.,* 164 Mass. 302, 41 N. E. 303, but such is not the law of this state. The law of Massachusetts is not involved in the instant case but only the law of this state.

The instant case has been brought by Hunt in aid of his action at law now pending in the superior court. It has not been brought to enforce directly his rights under the policy and, therefore, for this reason, among others, the case of *Moies* v. *Sprague, Admr.,* 9 R. I. 541, cited by the respondent, is not in point. There an action was brought to enforce liability against a stockholder of a corporation under a certain statute, which statute specifically provided certain remedies for enforcement of the liability but neither of which was an action on the case against such a stockholder personally. Here we have no suit brought directly to enforce the liability, but a suit in equity merely in aid of a pending action at law, which action at law is admittedly the proper remedy under the terms of the policy.

We are of the opinion that the suit is well founded, and that the relief sought is no more beyond the bounds of equity than that given in *Hirsch* v. *Home Insurance Co.,* 38 R. I. 189. What was there said by this court, in support of its action in reversing the lower court, may be said here. "This is a bill in aid of the suit at law now pending between the same parties, and is not a suit or an action on the policy for the recovery of any claim. It does not seek the final termination of the matter. . . . It does not claim any moneys due; does not ask for any damages; and is clearly an auxiliary proceeding in aid of the suit at law now pend-

ing in the Superior Court between the same parties, growing out of the same subject-matter."

The respondent contends further that as Hunt is not seeking to enforce any equitable right of his own but an equitable right of Marie Loyer, he is without standing as a complainant in this suit. We do not agree with this view. The injured person is subrogated to the rights of the insured to make this policy conform to what was the true intent of the parties, if he can prove that intent. When such a policy is issued, the object is protection to the insured against liability to pay damages to the injured person and protection also to the injured person in the collection of such damages, if they shall be awarded to him. Both of these objects are in the contemplation of the parties to the contract at the time the policy is written and issued.

While only two parties to the contract actually exist at the inception of the contract, there is also an unascertained third party, who may spring up on the happening of a certain contingency, the possibility of the happening of which is the cause motivating the insured to enter into the contract. The third party, though absent and unknown at the time of the making of the contract, is, in the eyes of the law, just as definitely known and present as the insured and the insurer. When the contingency happens and the third party appears, he is as much entitled to invoke every right or remedy to make the contract effective to do the thing intended by the original parties to it as is the insured. And this court, in effect, recognized this principle when it said, in *Farrell* v. *Employers Liability Assurance Corp., Ltd., supra*: "While our statute provides for recovery in an action at law, nevertheless the right to recover directly from an insurance company on a policy issued to a judgment debtor rests on the equitable principle of subrogation . . ."

The respondent contends that if there is any right of subrogation in the injured person, it is merely subrogation to the insured's right, if any, to receive money. It argues further that the use of the word "subrogation" by this court

is merely an attempt on the part of the court to explain the injured person's statutory right. The respondent then proceeds to argue that, if the legislature intended to subrogate the injured person to all the insured's rights, it would have employed language similar to that used by the Connecticut legislature in sec. 4231 of the Connecticut general statutes, as follows: "subrogated to all the rights of the defendant." We do not agree with this argument. There is no need of a statutory formula in this state to enable the injured person to obtain the aid of a court of equity in the enforcement of the rights intended for his benefit by a liability insurance policy in the form of this policy.

The injured person stands in the shoes of the insured, at least after he has obtained a judgment against the insured, and the execution on that judgment has been returned *non est inventus,* or where the original writ directed against the insured has been returned in like manner. The statute places the injured person in precisely the same position with relation to the insurer that the insured would have held had he paid the judgment and thereafter sought indemnity under the policy. All the defenses open to the insurer against the insured in such a case would be open to it against the injured person, where the insured does not satisfy the execution. *Miller* v. *The Metropolitan Casualty Ins. Co. of New York,* 50 R. I. 166. Reciprocally, in the instant case, all the rights of the insured against the insurer, which would have been open to her if she had satisfied the execution, are open to the injured person where the execution against her has been returned *non est inventus.* Both under the statute then and according to the terms of the policy, the complainant Hunt is a proper party complainant in bringing the bill in the instant case.

On the view which we have taken of Hunt's right to bring the present bill, it is not necessary to consider respondent's contention that Miss Loyer is barred by lapse of time from asking for relief. Whether or not she is so barred becomes immaterial for the purpose of the instant case. However,

without discussing the point further, it does not appear to us that she is barred under the circumstances of this case as they appear in evidence.

We now come to the question as to whether there is clear and convincing proof of mutual mistake made by the parties to this policy in reducing their agreement to writing. The respondent contends that the trial justice misconceived the law applicable to mistake. It argues that to justify reformation, the trial justice would have to find from the evidence that the parties intended that the policy should describe an automobile conditionally owned by or leased to Miss Loyer. Superficially considered, this might seem to be true, but if we examine the subject a little more closely and probe beneath the surface, it becomes clear that whether the automobile was owned by the insured conditionally or unconditionally is not only not of the essence of the contract but that the character of the ownership of the automobile is of slight consequence, if any.

The insured and the agent of the insured, it is clear from the testimony of both of them, were negotiating a contract by which the insurer under certain conditions would insure Miss Loyer against liability for damages imposed upon her by law in the operation of a certain automobile. That automobile was described, not for the purpose of determining the exact nature of the title thereto of the prospective insured, but largely, at least, for the purpose of identifying it in the future, if it became involved in an accident for which the insured might later be required to respond in damages. We must not overlook the fact that we are dealing here not with fire, theft or collision insurance, all of which are directly and materially concerned with the automobile of the insured and the loss or damage that may come to it, but with liability insurance which is not concerned with such loss or damage, but only with the personal injuries and damages suffered by a third person, caused by the use of the automobile and for which the law holds the insured liable. See *Commonwealth Casualty Co.* v. *Arrigo,*

160 Md. 595, 154 A. 136. None of the cases cited by the respondent in support of its contention, with one exception are cases of liability insurance. *Hudson Casualty Ins. Co.* v. *Garfinkle*, 111 N. J. Eq. 70, 161 A. 195. For the reasons above stated, which we think differentiate the instant case from cases involving a different kind of insurance, we cannot follow the New Jersey court.

As we have said above, *complete* ownership of the automobile was not essential to the obtaining of a liability insurance policy. The court will take notice of the common practice of insurers to insure persons under such a policy who have merely a conditional ownership, so to speak, in an automobile. In this case, it was not denied that Miss Loyer, at the time of the issuance of the policy to her, was the vendee in possession of the automobile described in the policy, and that as such vendee she was the owner of said automobile within the meaning of the law of this state governing the registration of motor vehicles operated on the public highways.

. It is in evidence that the agent of the respondent company informed himself of this fact by asking for and receiving from Miss Loyer the official registration card issued to her by the motor vehicle division of the state board of public roads. There is no dispute that, upon receiving this card, he proceeded to write the policy without obtaining any other information from Miss Loyer.

It is not reasonable to infer from this evidence that, as the respondent urges, the agent intended to issue the policy to Miss Loyer as one having the complete ownership of the automobile described therein without exception, but rather that he did intend to issue a policy to her as one having sufficient ownership of said automobile to entitle her to register it with the division of motor vehicles in her name as owner. The respondent presented no evidence but relied upon the evidence on behalf of the complainant and the inferences which it seeks to draw therefrom. We do not agree with these inferences. On the contrary, it is clear to

us from the evidence that the minds of the agent of the respondent and Miss Loyer met on the agreement to issue to her a liability policy as the owner of the automobile registered in her name and described on the official registration card. The fact of *complete* ownership did not enter into the negotiations, and the agent so testified. That the policy was issued with such a term included therein was, in our opinion, clearly a mutual mistake. See *Houlden* v. *Farmers Alliance Cooperative Fire Ins. Co.*, 188 N. Y. App. Div. 734, 177 N. Y. Supp. 286, affirmed in 231 N. Y. 636, where, under a somewhat similar situation, with reference to a fire insurance policy, the court decreed reformation and went on further to say that, even if the mistake were not mutual, the plaintiff would be entitled to recover without reformation on the ground that the company would be estopped to deny the validity of the policy.

The policy in the instant case should, therefore, be reformed to express the true agreement of the parties, but we do not think that the decree of reformation should take the form adopted by the superior court which, in our opinion, goes somewhat beyond the scope of the evidence. The policy should be reformed merely to the extent of eliminating therefrom the word "Complete" before the word "ownership" in item 3, and by eliminating also in said item the words "No exceptions." The policy thus reformed will truly express the agreement of the parties.

There can be no question that Marie L. Loyer is, under the law of this state, with reference to liability for injuries to persons or property caused by the operation of the automobile registered in her name, the owner of said automobile. *Lennon* v. *L. A. W. Acceptance Corp.*, 48 R. I. 363. In that case this court held definitely that the conditional vendee of an automobile, and not the holder of the title thereto, was the owner of said automobile within the meaning of sec. 3, chap. 1040, P. L. 1927. This case renders indisputable the conclusion that a vendee in possession of an automobile on conditional sale is the owner thereof and is

348

chargeable with liability under the law to a person injured by reason of the negligent operation of such automobile. Under the evidence in the instant case, the insured was clearly such an owner of the automobile described in the policy issued by the respondent.

For the above reason, the respondent's contention that the policy should be cancelled is not sound and also because, as we have found, there is sufficient ground for reforming it. Moreover, the contention is unsound for the further reason that the respondent has not asked for such relief in its answer. We know of no authority for granting a respondent relief under such circumstances merely in response to a request therefor made only in its brief and on argument here.

The respondent's appeal is denied, and the decree of the superior court is modified as above stated.

The parties may appear before us on June 23, 1937, and present a form of decree for entry in the superior court in accordance with this opinion.

*John J. Mee, Morris E. Yaraus,* for complainant.
*Sherwood & Clifford, Sidney Clifford,* for respondent.