81 N.J. Super. 556 (1963)
196 A.2d 266
KOLKER CHEMICAL CORPORATION, ET AL., PLAINTIFFS,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 13, 1963.
*558 Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys for plaintiffs (Mr. Willard G. Woelper, appearing).
Messrs. Mead, Gleeson, Hansen & Pantages, attorneys for defendant (by Stanley G. Bedford).
HERBERT, J.S.C.
On March 9, 1960 an explosion took place at the Kolker plant on Doremus Avenue in Newark, causing damage to property and interrupting the course of business. Before the explosion Kolker Chemical Corporation, a New Jersey corporation, and L.A. Kolker had procured insurance policies from plaintiff insurance companies and from defendant. Losses resulting from the explosion have been paid to Kolker Chemical Corporation (a Delaware corporation and assignee of the New Jersey corporation of the same name) and to L.A. Kolker by plaintiff companies. Defendant having refused to bear any share of the loss, this suit is brought for contribution and for other equitable relief.
Defendant has moved for summary judgment and, in the alternative, to dismiss the second count (contribution) and the fourth count (reformation) of the complaint. Plaintiffs have moved to strike the first separate defense of the answer insofar as it relates to plaintiffs' claims for contribution and reformation. Arguments for and against the motions have concentrated upon the clause of defendant's policy which is the basis for the first separate defense. The clause reads:

"10. Action Against Company

Coverages A and B
No action shall lie against the Company unless, as a condition precedent thereto, the Assured shall have fully complied with all the terms of this policy, nor unless commenced within fourteen months from the date of the Accident."
This suit was started March 21, 1962, a few days more than two years after the explosion. The defendant contends *559 that the 14-month limitation thus applies, and bars all relief sought. In opposition, plaintiff insurance companies urge that the limitation does not apply to their demands for contribution and reformation.
The right to contribution depends upon the existence of a burden to be borne by two or more parties and upon an unequal distribution of that burden which, because of the inequality, should be corrected. The common burden may be created in various ways; for example, by a contract or group of contracts (as in the present case), or by participation in a tort. Yet no matter how a defendant in an action for contribution joined the burden-bearing group, the courts have used the date when a plaintiff in fact assumed more than his share of the load as the point at which a time limit begins to run. They have held the cause of action arises with the payment to which a defendant is asked to contribute. Frew v. Scoular, 101 Neb. 131, 162 N.W. 496, L.R.A. 1917F, 1065 (Sup. Ct. 1917); Van Winckel v. Carter, 198 Va. 550, 95 S.E.2d 148 (Sup. Ct. App. 1956); 13 Am. Jur., Contribution, § 88, p. 77.
Frew and Van Winckel, supra, involved common obligations created by contract. The cases on contribution between joint tortfeasors appear to be more numerous. They, too, calculate time limits from the date the party who seeks contribution definitely assumed more than his proper share of the obligation due to the victim of the tort. For a collection of such authorities see the annotation in 20 A.L.R.2d 925.
The authorities referred to require the conclusion that the 14-month limitation in the defendant's policy does not bar the claim for contribution asserted by the plaintiff insurance companies. Grollimund v. Germania Fire Ins. Co., 82 N.J.L. 618 (E. & A. 1912), and American Surety Co. of New York v. American Ind Co., 8 N.J. Super. 343 (Ch. Div. 1950), cited by defendant, do not lead to a contrary conclusion. Neither case involved any questions about the timeliness of suit.
*560 Plaintiffs contend  and defendants do not dispute  that the explosion which caused the damage occurred in a piece of equipment known as a Haveg reactor. By the fourth count of the complaint plaintiff insurance companies seek reformation of defendant's policy to make it apply by its terms to the Haveg device. Here again defendant urges the 14-month time limit as a bar to relief. It has been held, however, that a period of limitation in an insurance policy does not apply to a suit to reform. Giammares v. Allemania Fire Ins. Co., 89 N.J. Eq. 460 (Ch. 1918), reversed on other grounds, 91 N.J. Eq. 114 (E. & A. 1919). Moreover, if a member of a burden-bearing group who carries more than his share is entitled to contribution from each shirking member, then it should follow that the true contract which imposed the basic obligation upon the shirker controls, and if reformation is called for to establish the correct terms, that remedy should be available in aid of a claim for contribution just as it was used in Giammares v. Allemania, supra, as an aid to a suit at law on the policy.
The thought just expressed applies to another argument which the defendant makes against the reformation count, namely, that plaintiff insurance companies are not parties to defendant's policy and do not enjoy such privity as to give them standing to seek reformation. Reilly v. Martinelli, 131 N.J. Eq. 495 (Ch. 1942), is cited. That was a suit to foreclose a mortgage which included a count to reform a deed given by the mortgagor, which deed was intended allegedly to have a clause in it providing for the assumption of the mortgage debt. After holding that Reilly had failed to plead grounds for reformation, the court went on to say he had no standing to sue, being only a mortgagee who was not a party or privy to the deed in question.
Whatever weight would be given to that case today on similar facts, it should not be regarded as a precedent controlling the situation here. A few months after Reilly v. Martinelli was decided, an opinion was filed in Union Fur Shop, Inc. v. Max Melzer, Inc., 133 N.J. Eq. 416 (E. & A. *561 1943), indicating that the right to sue for reformation may be based upon a substantial interest which a plaintiff has and seeks to protect. If it be assumed that plaintiff insurance companies can prove at trial that defendant's contract with the Kolkers should be reformed on the ground of mistake, then the following comment of the court in the Union Fur Shop case would become pertinent here:
"The due administration of justice sanctions the award of the remedy of reformation in the circumstances here presented. Its refusal would secure to appellant an unconscionable advantage, and, where no intervenient interests stand in the way, the correction of the injustice is a sufficient ground for equitable interference. To deny that relief would be a reproach to the law. In such a situation, the right of reformation is not purely personal to the original vendee or his immediate assignee. Appellant's attempt to take advantage of the mistake to the detriment of the respondent assignee is fraud in the contemplation of equity; and this doctrine applies to the successors in interest of the original vendee who would be thereby injured. Respondent has a substantial interest to protect; it is not a mere volunteer." (133 N.J. Eq., at p. 420)
It may also be noted that defendant wrote into its contract a provision showing recognition of the possibility other insurance companies would, or at least might, become interested. This provision is quoted in the complaint, admitted by the answer, and reads as follows:

"6. OTHER INSURANCE

Coverages A, B, and C
The words `joint loss,' as used herein, mean loss to which both this insurance and other insurance carried by the Assured apply. In the event of such `joint loss.'
(a) The Company shall be liable under this policy only for the proportion of the said joint loss that the amount which would have been payable under this policy on account of said joint loss, had no other insurance existed, bears to the combined total of the said amount and the amount which would have been payable under all other insurance on account of said joint loss, had there been no insurance under this policy, but * * *."
The quoted language makes applicable here comments found in Hunt v. Century Ind. Co., 58 R.I. 336, 192 A. 799, 112 A.L.R. 902 (Sup. Ct. 1937). That was a case in which *562 Hunt, injured in an automobile accident and holder of a judgment against one Loyer, was allowed to sue in equity for reformation of the policy which the defendant Century had issued to Loyer. While disposing of the argument that Hunt had no standing to seek such relief, the court said, inter alia:
"When such a policy is issued, the object is protection to the insured against liability to pay damages to the injured person and protection also to the injured person in the collection of such damages, if they shall be awarded to him. Both of these objects are in the contemplation of the parties to the contract at the time the policy is written and issued.
While only two parties to the contract actually exist at the inception of the contract, there is also an unascertained third party, who may spring up on the happening of a certain contingency, the possibility of the happening of which is the cause motivating the insured to enter into the contract. The third party, though absent and unknown at the time of the making of the contract, is, in the eyes of the law, just as definitely known and present as the insured and the insurer. When the contingency happens and the third party appears, he is as much entitled to invoke every right or remedy to make the contract effective to do the thing intended by the original parties to it as is the insured." (112 A.L.R., at p. 906)
In the present case it may be said defendant and the Kolkers, by the terms of the insurance contract between them, contemplated much in the same way as Loyer and Century Indemnity Company that others might seek protection under that contract by suing to make defendant pay its proportion of a joint loss. Just as Hunt had sufficient interest to sue for reformation, plaintiff insurance companies here have standing to ask for that equitable relief.
There is still another ground upon which defendant moves for summary judgment. It says that plaintiff insurance companies voluntarily paid the money which they now allege should have been paid by defendant, and volunteers are not entitled to contribution. The record available at this stage of the case does not show the circumstances surrounding plaintiffs' payments. For that reason this ground for defendant's motion must be rejected. When all the facts are in, however, there may be a legal problem of *563 some difficulty. The authorities are divided. Insurance companies which have paid more than the pro rata shares specified in their policies have been held to have no right to contribution. Globe Nat'l Fire Ins. Co. v. American Bonding & Cas. Co., 205 Iowa 1085, 217 N.W. 268, 56 A.L.R. 463 (Sup. Ct. 1928); American Cas. Co. v. Maryland Cas. Co., 20 F. Supp. 561 (D. Pa. 1937); Farm Bureau Mut. Auto Ins. Co. v. Buckeye Union Cas. Co., 147 Ohio St. 79; 67 N.E.2d 906 (Sup. Ct. 1946); also see other cases collected in 29A Am. Jur., Insurance, § 1718, p. 796, footnote 8. On comparable facts, other courts have ordered contribution. Liberty Mutual Ins. Co. v. American Mutual Liability Ins. Co., 28 N.J. Super. 17 (App. Div. 1953); United States Guarantee Co. v. Liberty Mutual Ins. Co., 244 Wis. 317; 12 N.W.2d 59, 150 A.L.R. 632 (Sup. Ct. 1943); Massachusetts Bonding & Ins. Co. v. Car & General Ins. Corp., 152 F. Supp. 477 (E.D. Pa. 1957); Employers Mutual Liability Ins. Co. of Wisconsin v. Pacific Ind. Co., 167 Cal. App.2d 369, 334 P.2d 658 (Cal. Ct. of App. Calif. 1959); Clow v. National Ind. Co., 54 Wash.2d 198, 339 P.2d 82 (Wash. Sup. Ct. 1959).
The only New Jersey case referred to by counsel, Liberty Mutual Ins. Co. v. American Mutual, supra, is an unsatisfactory precedent in this context because the opinion does not indicate whether any question was raised about relief for a volunteer.
Defendant's motion is denied in all of its phases. The motion of plaintiff insurance companies to strike the first separate defense insofar as that defense relates to the claims for contribution and for reformation is granted.