Pasco F. Loffredo, Cranston, R. I., for movant.

David Hassenfeld, Providence, R. I., for trustee.

**In re JOHN ALGIERE, INC., Debtor.**

**Bankruptcy No. 8100903.**

United States Bankruptcy Court,
D. Rhode Island.

June 8, 1982.

ORDER DENYING MOTION TO
RELEASE FUNDS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on John Algiere's motion [1] requesting the Court to order the Trustee to turn over $3,500, which represents the proceeds from the sale of the motor vehicle in question.

---

1. Although this matter was heard on motion, since it is a proceeding to recover money, it will be treated as a complaint in an adversary proceeding pursuant to Bankruptcy Rule 701. The filing fee shall be paid to the Clerk of the Bankruptcy Court forthwith.

The Debtor, a corporation wholly owned by the Movant, John Algiere, filed its Chapter 7 petition on November 12, 1981, and listed a 1978 Jeep J–20 in its schedule of assets. Immediately after the filing and before a trustee had been appointed, John Algiere sold the Jeep and deposited the $3,500 proceeds in the corporate checking account.[2]

On January 19, 1981, Algiere, President and sole shareholder of the Debtor corporation, filed this request for the release of the $3,500 proceeds of the sale, alleging that the Jeep belonged to him personally and was not the property of the Debtor corporation. The Trustee's objection to the motion was heard on February 10, 1982.

Movant argues that since his name appears on the title certificate, he is prima facie the owner of the motor vehicle. He also contends that he mistakenly deposited the sale proceeds in the corporate Debtor's account.

Based on the record in this case, the Movant's argument is rejected. The schedules in this case which were prepared and are based on information furnished by the Movant list the Jeep in question as an asset of the Debtor corporation, and no motion was filed to amend those schedules as of the date of the hearing. The fact that installment payments for the vehicle were always drawn on corporate funds is uncontradicted,[3] and Algiere's contention that these corporate payments were intended to be in lieu of a return of capital to him is not supported by any evidence, nor would such a fact change the result in this case, even if he could prove it. In fact, it is not disputed that the corporate records do not reflect any such intent.

John Algiere's position as president and sole shareholder of the Debtor corporation, as well as his exercise of control of the corporation's actions and records, require careful scrutiny in view of the relief requested by him. Although a title certifi-

cate may be prima facie evidence of the facts appearing on it, here, in light of all of the other evidence before the Court, I find that John Algiere has failed to meet his burden of proof on the ownership issue. The motion is denied.

---

**2.** Although a trustee had not yet been appointed, the Debtor's interest in the property became property of the estate upon filing of the petition. 11 U.S.C. § 541.

**3.** *See generally, Hunt v. Century Indemnity Co.*, 58 R.I. 336, 192 A. 799 (1937) (vendee of automobile, not holder of title, is owner).