E. Howland BOWEN

v.

A. Ralph MOLLIS, in his capacity as
Secretary of State of the State
of Rhode Island et al.[1]

No. 2007–113–Appeal.

Supreme Court of Rhode Island.

April 17, 2008.

1. The original defendant in this case was Matthew A. Brown, named as Secretary of State. The caption has been changed to reflect the current administration. *See* Super. R. Civ. P. 25(d).

E. Howland Bowen, Esq., for Plaintiff.

Joseph Avanzato, Esq., Providence, for Defendant the Secretary of State.

Jon M. Anderson, Esq., Providence, for Defendants the R.I. Senate and the House.

Present: WILLIAMS, C.J., GOLDBERG and FLAHERTY, JJ.

## O P I N I O N

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on March 11, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument.

The plaintiff, E. Howland Bowen (plaintiff or Mr. Bowen), appeals *pro se* from a Superior Court judgment in favor of the defendants named in their official capacities, A. Ralph Mollis, the Secretary of State, the Rhode Island Board of Elections, Joseph A. Montalbano, the President of the Rhode Island Senate, and William J. Murphy, the Speaker of the Rhode Island House of Representatives (collectively defendants).[2]

The travel of this case is somewhat complicated; Mr. Bowen initially sought declaratory relief concerning the 2004 and 2006 elections. He argued that the 2004 election was not a general election and therefore the Secretary of State was required to comply with article 14, section 2, of the Rhode Island Constitution by placing before the voters a ballot question concerning whether a constitutional convention should be held.[3] The plaintiff con-

---

**2.** The trial justice declared that the House of Representatives and Senate were indispensable parties, and he directed that the Speaker of the House and Senate President be added as defendants.

**3.** Article 14, section 2, of the Rhode Island Constitution provides:

"The general assembly, by a vote of a majority of the members elected to each house, may at any general election submit the question, 'Shall there be a convention to amend or revise the Constitution?' to the qualified electors of the state. If the question be not submitted to the people at some time during any period of ten years, the secretary of state shall submit it at the next general election following said period. Pri-

or to a vote by the qualified electors on the holding of a convention, the general assembly, or the governor if the general assembly fails to act, shall provide for a bi-partisan preparatory commission to assemble information on constitutional questions for the electors. If a majority of the electors voting at such election on said question shall vote to hold a convention, the general assembly at its next session shall provide by law for the election of delegates to such convention. The number of delegates shall be equal to the number of members of the house of representatives and shall be apportioned in the same manner as the members of the house of representatives. No revision or amendment of this Constitution agreed upon by such convention shall take effect until the same has been submitted to the

tended that more than ten years had passed since this question properly had been submitted to the voters at a general election.

The defendant Secretary of State moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The trial justice, on October 25, 2006, refused to entertain a request to interfere with the impending 2006 election. Instead, he directed that plaintiff file an amended petition, adding the Speaker of the House and the Senate President as defendants, and plaintiff was free to add a claim concerning the meaning of the term "general election" under article 14, section 1, of the state constitution.[4]

An amended petition was submitted to the trial justice along with a memorandum to support the amended petition. The amended petition concerned a request for relief based on two counts; the first count was based on article 14, section 2, of the state constitution and the second count related to article 14, section 1. The plaintiff elected to confine his case to count 2, which requires that constitutional amendments shall be "submitted to the electors at the next general election[.]" R.I. Const. art. 14, sec. 1.

The plaintiff asserted that he expects the General Assembly to pass legislation in 2007 and 2008 directing that proposed amendments to the Rhode Island Constitution appear on the ballot in the 2008 election. He sought a declaration concerning whether this was a general election within the meaning of the state constitution be-

cause the state's general officers do not stand for election.

The trial justice found that plaintiff had standing to raise this issue, declaring that "if a voter doesn't have standing to determine when he or she or other persons similarly situated in the electorate will have a chance to have a properly convened constitutional call go out from the [L]egislature or Secretary of the State, then I don't know who has standing * * *." On the merits, however, the trial justice held that the 2008 election was a general election. In so finding, the trial justice drew a distinction between a general election, a primary election, and a special election. The trial justice rejected plaintiff's contention that a general election is limited to an election of the state's general officers and granted defendants' motion to dismiss.

The plaintiff filed an appeal on January 5, 2007. We affirm the judgment, but we do so because Mr. Bowen has no standing to assert these claims.

▆▆▆ The standard of review of a trial justice's findings on questions of law is *de novo*. *East Providence School Committee v. Smith*, 896 A.2d 49, 51 (R.I.2006) (citing *Fleet National Bank v. 175 Post Road, LLC*, 851 A.2d 267, 273 (R.I.2004)). Moreover, "when deciding mixed questions of law and fact that involve constitutional issues, our review is *de novo*." *Cassidy v. Lonquist Management Co., LLC*, 920 A.2d 228, 232 (R.I.2007).

---

electors and approved by a majority of those voting thereon."

4. Article 14, section 1, of the Rhode Island Constitution states:
   "The general assembly may propose amendments to the Constitution of the state by a roll call vote of a majority of the members elected to each house. Any

amendment thus proposed shall be published in such manner as the general assembly shall direct, and submitted to the electors at the next general election as provided in the resolution of approval; and, if then approved by a majority of the electors voting thereon, it shall become a part of the Constitution."

■ We previously have declared that the Superior Court lacks jurisdiction to adjudicate claims under the Uniform Declaratory Judgments Act in the absence of an actual justiciable controversy. *McKenna v. Williams*, 874 A.2d 217, 226 (R.I. 2005). "The constituent parts of a justiciable claim include 'a plaintiff who has standing to pursue the action' and 'some legal hypothesis which will entitle the plaintiff to real and articulable relief.'" *Id.* (quoting *Meyer v. City of Newport*, 844 A.2d 148, 151 (R.I.2004)).

■ When confronted with a request for declaratory relief, the first order of business for the trial justice is to determine whether a party has standing to sue. A standing inquiry focuses on the party who is advancing the claim rather than on the issue the party seeks to have adjudicated. *McKenna*, 874 A.2d at 225 (citing *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)). Indeed, the "party seeking relief must have 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" *Id.* (quoting *Flast*, 392 U.S. at 99, 88 S.Ct. 1942).

■ The requisite standing to prosecute a claim for relief exists when the plaintiff has alleged that "the challenged action has caused him injury in fact, economic or otherwise[.]" *Rhode Island Ophthalmological Society v. Cannon*, 113 R.I. 16, 22, 317 A.2d 124, 128 (1974) (quoting *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970)). This legally cognizable and protectable interest must be "concrete and particularized * * * and * * * actual or imminent, not 'conjectural' or 'hypothetical.'" *Pontbriand v. Sundlun*, 699 A.2d 856, 862 (R.I.1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). When called upon to decide the issue of standing, a trial justice must determine whether, if the allegations are proven, the plaintiff has sustained an injury and has alleged a personal stake in the outcome of the litigation before the party may assert the claims of the public. *Burns v. Sundlun*, 617 A.2d 114, 116 (R.I.1992).

■ In this case, in an eloquent presentation, well supported by a comprehensive memorandum, Mr. Bowen argues that a general election can be one only in which the state's general officers stand for election. The plaintiff contends that as an elector and taxpayer—who must pay to the state his proportionate share of the expense of "a constitutionally-justifiable ballot"—he has standing to bring this action. However, Mr. Bowen's putative interests are indistinguishable from the interests of the general public, and he has failed to allege a particularized injury or demonstrate that he has a stake in the outcome that distinguishes his claims from the claims of the public at large.

Alternatively, plaintiff asks this Court to overlook the standing requirement in light of what he characterizes as a significant and important public question. Although on rare occasions this Court has overlooked the question of standing so it can reach the merits of a controversy, we do so only in cases of substantial public interest. *Burns*, 617 A.2d at 116. We respectfully decline to do so today.

■ Although the plaintiff has failed to overcome the insurmountable standing bar to relief in this case, we nevertheless are satisfied that the trial justice's finding that a general election is one that is regularly scheduled on the same day—"the first Tuesday next after the first Monday in

November in even numbered years"—is correct.[5] Importantly, in 2008 and the even-numbered years when the state's general offices are not in contention, voters will cast their ballots for the President of the United States—a statewide and national election of no small significance. We therefore are satisfied that a regularly scheduled statewide election constitutes a general election for purposes of article 14, section 2, of our constitution.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, but do so based on our conclusion that the plaintiff lacks the requisite standing to litigate this claim. The papers in this case may be returned to the Superior Court.

Justices SUTTELL and ROBINSON did not participate.

---

5. General Laws 1956 § 17–1–2, "**Definitions,**" provides in pertinent part:

"For the purposes [of] this title, except as may otherwise be required by the context:

"(1) 'Election' means the filling of any public office or the determination of any public question by vote of the electorate, and includes without limitation any state, town, or city office or question, and any political party primary election for the nomination of any candidate for public office; except that it shall not include a financial town meeting or a meeting to elect officers of a fire, water, or sewer district;

"(2) 'General election' means an election held on the first Tuesday next after the first Monday in November in even numbered years for the election of members of the general assembly and/or for the election of general officers, and/or for the election of presidential electors for president/vice-president of the United States[.]"