DECISION
Before the Court for decision is Plaintiff A.F. Lusi Construction, Inc.'s ("Lusi") Motion for Partial Summary Judgment, in its action for a declaratory judgment against the Rhode Island Department of Administration (DOA). Gilbane Building Company ("Gilbane"), an intervenor in this dispute, also is a defendant. Lusi seeks a declaration that Emergency Procurement Regulation section 8.11.2 is invalid and therefore, contracts are to be awarded by a competitive sealed bidding process.
 I Facts and Travel
Emergency Regulation § 8.11.2, Construction Management Selection Criteria, provides that:
 The criteria to be used by the purchasing agent or purchasing agency in determining which method of management of construction listed in Section 8.11.2 is to be used for a particular project shall be as follows: *Page 2 
 (a) when the project must be completed or ready for occupancy or use;
 (b) the specific nature of the project, e.g. housing, offices, laboratories, roads, bridges, and heavy or specialized construction;
 (c) the extent to which the requirements of the procuring agency and the ways in which said requirements are to be met are known;
 (d) the location of the project;
 (e) the size, scope, complexity, and economics of the project;
 (f) the amount and type of financing available for the project, including whether the budget is fixed and the source of funding, e.g., general or special appropriation, federal assistance moneys, general obligation bonds or revenue bonds;
 (g) the ability, qualification, and experience of State personnel to be assigned to the project and how much time the State personnel can devote to the project;
 (h) the availability, experience and qualifications of outside consultants and contractors to complete the project under the various methods being considered.
Lusi contends that Emergency Regulation § 8.11.2, issued in response to this Court's May 7, 2007 decision declaring § 8.11.2 of the State of Rhode Island's Procurement Regulations invalid, fails to comport with § 37-2-39 of the General Laws.
Section 37-2-39 directs the state's chief purchasing officer to select as many alternative methods of construction contracting management as he/she deems to be feasible. It also, however, places limitation on this power, which Lusi contends have been exceeded. Section 37-2-39 states that:
 The chief purchasing officer shall issue regulations providing for as many alternative methods of management of construction contracting as he or she may determine to be feasible, setting forth *Page 3 criteria to be used in determining which method of management of construction is to be used for a particular project, and granting to the purchasing agent, or the purchasing agency responsible for carrying out the construction project, the discretion to select the appropriate method of construction contracting for a particular project, provided, however, that the chief purchasing officer shall execute and include in the contract file a written statement setting forth the facts which led to the selection of a particular method of management of construction contracting in each instance.
G.L. 1956 § 37-2-39 (emphasis added).
In its May 7, 2007 decision, this Court provided a detailed summary of factual history that gives rise to the instant dispute. For the purposes of this decision, the Court will supplement its May 7, 2007 decision with a timeline of events, which have occurred since that date. The Court will also provide further details where necessary to support the decision herein.
 1. July 11, 2007 — The DOA filed a Statement of Need in response to this Court's May 7, 2007 decision that invalidated Purchasing Regulation § 8.11.2. Emergency Regulation 8.11.2 pursuant to the R.I. General Laws § 42-35-3(b) also was published. Amended and Supp. Comp. ¶ 20.
 2. November 19, 2007 — The University of Rhode Island ("URI") requested that the DOA post a request for proposals ("RFP") using the construction management at risk ("CMAR") construction management method in connection with its proposed new school of pharmacy building on campus.
 3. November 30, 2007 — The DOA chief purchasing officer, Beverly E. Najarian, responded to the URI request in a letter. The letter stated the DOA's reliance on Emergency Regulation section 8.11.2 in responding to the request to put out an RFP for the $75 million project at URI. *Page 4 
 4. December 3, 2007 — The DOA published notice seeking comment on proposed adoption of Emergency Regulation 8.11.2 as a part of the pertinent Procurement Regulations. Amended and Supp. Comp. ¶ 28.
 5. December 28, 2007 — The DOA issued RFP # 7056815 for the construction of the URI pharmacy building. Amended and Supp. Comp. ¶ 29.
 6. January 24, 2008 — DOA held a public hearing and accepted comments on Emergency Regulation section 8.11.2. Lusi objected to the permanent addition of the section. Comp. ¶ 32.
 7. January 30, 2008 — Proposals in response to RFP # 7056815 were due to the DOA. Gilbane, along with one other construction company, submitted proposals. To date, the contract has not yet been awarded. The DOA has, however, "nominated" Gilbane to perform the work and services requested in RFP # 7056815. Amended and Supp. Comp. ¶ 33.
 8. February 7, 2008 — Emergency Regulation section 8.11.2 expired.
 9. March 28, 2008 — The DOA posted on its website a "Notice of Request for Comments" on Proposed Revised Rule 8.11.2 relating to construction contract management. The proposed rule reflected revisions made to the original, now expired, Emergency Regulation, which purported to address concerns raised and comments made at the January 24, 2008 public hearing.
 III Validity of Emergency Regulation 8.11.2
Lusi's Motion, its second Motion for Partial Summary Judgment in this matter, seeks a declaration that Emergency Regulation 8.11.2 is invalid and that therefore, contracts should be *Page 5 
awarded by competitive sealed bidding unless it is determined in writing that this method is not practicable and DOA adopts appropriate regulations that identify criteria for the selection of alternative methods of construction management. In their objections to the instant motion, Defendants raise the issue of standing. The Court during oral arguments sua sponte raised the issue of mootness.
The Court first will address the issue of standing and how, if at all, Lusi's standing to assert its claims herein has been affected by our Supreme Court's recent ruling in Bowen v. Mollis. 2008 WL 174553331
(R.I. 2008). The Court will next address Lusi's validity argument as Defendants concede that should the Court determine that RFP # 7056815 is invalid, that the issue before the Court is not moot.
 A Standing
When faced with a request for declaratory relief, the Court must first determine whether Plaintiff has standing to bring the action. SeeMcKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005). "A standing inquiry focuses on the party who is advancing the claim rather than on the issue the party seeks to have adjudicated." Bowen v. Mollis, 2008 WL 1745331, *2 (R.I. 2008) citing McKenna, 874 A.2d at 225. Our Supreme Court has held that, "the party seeking relief must have alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Id.
In a case involving a major construction project at the University of Rhode Island, our Supreme Court held that the standing requirement is satisfied when "the plaintiff alleges that the challenged action has caused him [or her] injury in fact, economic or otherwise."Associated *Page 6 Builders and Contractors of R.I. v. R.I. Dep't of Admin., 787 A.2d 1179,1185 (R.I. 2002) citing Cummings v. Shorey, 761 A.2d 680, 684 (R.I. 2000) (internal citations omitted). When evaluating an issue of standing, "the line is not between a substantial injury and an insubstantial injury. The line is between injury and no injury."Associated Builders, 787 A.2d at 1185 citing Matunuck Beach Hotel, Inc.v. Sheldon, 399 A.2d 489, 494 (R.I. 1979) (internal citations omitted).
In the instant matter, this Court previously had the opportunity to address the issue of standing as it pertains to Lusi's ability to bring its present claims against the DOA. In its decision of May 7, 2007, this Court differentiated between a challenge to the URI project and a challenge against the regulation itself. A.F. Lusi Constr. Co. v. R.I.Dep't of Admin., 2007 R.I. Super. LEXIS 66, *18 (2007). In fact, the only statutory barrier to bringing such a challenge is found in the Uniform Declaratory Judgments Act ("UDJA") and the Administrative Procedures Act ("APA"). Specifically, when an agency regulation is brought before the Court, the APA provides that:
 [the] validity or applicability of any rule may be determined in an action for declaratory judgment in the superior court of Providence County, when it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.
G.L. 1956 § 42-35-7.
In its May 7, 2007, this Court found that Lusi does in fact have standing to bring its claims against the regulations under the power granted to this Court in the UDJA. In particular, "[a] person may seek such a declaration where that person has `rights, status, or other legal relations' which are `affected by a statute, municipal ordinance, contract, or franchise.'" Id. at *19 citing GL 1956 § 9-30-6. Of course, the preliminary requirement of standing must be *Page 7 
satisfied before the Court determines that a person is entitled to such declaratory relief. Id. at *20.
Here, Lusi has alleged that as a prospective bidder on state construction projects, it is harmed "because these regulations interfere with Lusi's legal right and privilege to bid on public projects and to be evaluated as a prospective bidder in accordance with statutory law set forth in the State Purchases Act." Amended and Supp. Comp. ¶ 34. The Court was satisfied in its May 7, 2007 decision that the status "prospective bidder" was "sufficient to confer standing on Lusi to challenge Regulation 8.11.2." A.F. Lusi Const. Co., 2007 R.I. Super. LEXIS 66, at * 21. The question that arises now is whether our Supreme Court's recent decision in Bowen regarding the issue of standing affects Lusi's standing in this matter.
In Bowen, the Plaintiff challenged the 2004 and 2006 general elections. Specifically, he sought declaratory relief against the R.I. Secretary of State arguing that the elections were not general elections and that therefore the Secretary of State was required to present R.I. voters with a ballot to determine whether a constitutional convention should be held. The Court pointed out, however, that "Mr. Bowen's putative interests are indistinguishable from the interests of the general public, and he has failed to allege a particularized injury or demonstrate that he has a stake in the outcome that distinguishes his claims from the claims of the public at large." Bowen, 2008 WL 1745331, at *2.
Here, the Court has already distinguished Lusi's claims from those of a member of the public at large. Emergency Regulation § 8.11.2 makes it difficult for those contractors who are unable or unwilling to become a CMAR contractor, rather than a general contractor, to bid on public contracts such as RFP # 7056815. As this Court stated in May of last year, "[i]f Lusi is correct that the challenged regulation is inconsistent with the State Purchases Act" then Lusi will *Page 8 
have suffered the requisite economic harm. Id. at *22. Unlike the Plaintiff in Bowen, Lusi has a "significant economic interest in being permitted to contract with the State under the conditions provided by the statute." Id. Therefore, this Court is once again satisfied that Lusi has alleged sufficient injury in fact to establish standing.See id.
 B Validity of Emergency Regulation 8.11.2
Lusi once again contends that the DOA has failed to comply with §37-2-39 of the State Purchases Act.[1] This Court addressed this very issue in its May 7, 2007 decision and ultimately determined that § 8.11.2 was invalid. The Court will now look to the emergency regulation to determine whether the mandates espoused in its decision of last year have been comported with through the issuance of the emergency regulation.
In an argument this Court is familiar with from last year at this time, Lusi contends that Emergency Regulation 8.11.2 fails to provide criteria, as is required under the State Purchases Act. See § 37-2-18. Rather, it is Lusi's contention that the Emergency Regulation promulgated by the DOA merely provides a list of eight factors to be considered by the purchasing agent and on which a decision shall be based. This Court has previously adopted the common definition forcriteria which is a "standard on which a judgment may be based."See A.F. Lusi Const. Co., 2007 R.I. Super. LEXIS 66, at * 28, citingMerriam-Webster's Collegiate Dictionary 274 (10th ed. 2001). In fact, as Lusi points out, this definition is commonly adopted by Courts in this *Page 9 
country, including the United States Supreme Court. See Pittson CoalGroup v. Sebben, 488 U.S. 105, 113 (1988).
The Defendants urge, however, that the DOA has promulgated regulations setting forth criterion as are necessary for their particular needs on all construction projects. Def. Memo. at 3. Moreover the Defendants ask the Court to give deference to public officials charged with making decisions to best serve the public good. Id. While the Defendants are correct that the Court cannot engage in judicial oversight and that the General assembly has vested the power to determine criteria in the DOA and its Chief Purchasing Officer, the Defendants cannot ask this Court to ignore the commonly accepted definition of criteria. See id. at 4.
The proposed list of criterion found in Emergency Regulation § 8.11.2 fails to provide a "standard on which a judgment or decision may be based." See A.F. Lusi Const. Co., 2007 R.I. Super. LEXIS 66, at * 28. A factor is defined as "something (as an element, circumstance, or influence) that contributes to the production of a result."Webster's Third New Int'l Dictionary, 1961 listing as a synonym "ingredient". By its very meaning, a factor is one of multiple parts that make up the whole. A factor does not, however, provide a basis upon which a decision may either be made or reviewed, a primary reason for placing the burden of establishing criteria upon the DOA.
The definition of criteria adopted by not only this Court, but also the United States Supreme Court is a "standard upon which a judgment or decision may be based." See Pittson Coal Group v. Sebben, 488 U.S. 105,113 (1988); A.F. Lusi Const. Co., 2007 R.I. Super. LEXIS 66, at * 28. A standard is defined as "something that is set up and established as a rule for measure of quantity, weight, extent, value, or quality."Webster's Third New Int'l Dictionary, 1961. In fact, the definition of standard also lists criterion as a synonym. More specifically, that *Page 10 
which "can designate, in common, any measure by which one judges a thing as authentic, good or adequate." Id. The list provided in section 8.11.2 of the Emergency Regulation merely provides the values to be plugged into the equation, rather than the yardstick upon which they should be measured as is required by § 37-2-39. See supra at 3. The State Purchases Act mandates that the Chief Purchasing Agent specify criteria, that are standards, by which the purchasing agent or purchasing agency may exercise sound discretion in making determinations as to the appropriate method of construction management for a particular project. These criteria also will aid judicial review, if implicated, of such decisions. The Emergency Procurement regulations at issue here merely provide factors but not standards to that end.
The Court is not satisfied that the list of purported "criteria" found in Emergency Regulation § 8.11.2 are criteria at all. Rather, the Court agrees with Plaintiff Lusi here that the list provides nothing more than a list of mere factors. The Court, therefore, finds that Emergency Regulation § 8.11.2 is violative of the State Purchases Act and is invalid because it fails to set forth the requisite criteria.
 C Mootness
The Court raised sua sponte the issue of mootness during oral arguments for this Motion. The Emergency Regulation that Lusi has asked this Court to invalidate expired in February of this year; therefore, the Court questioned whether this decision would be an advisory opinion when rendered. Because Lusi has not asked this Court to invalidate the RFP that was issued pursuant to the Emergency Regulation that this decision has declared invalid, the Court will not undertake to so do on its own. Lusi has not requested injunctive relief of the nature contemplated by this Court in its earlier decision in this litigation. That is, Lusi has not sought a *Page 11 
disenfranchisement of Gilbane as the selected construction manager for the URI Pharmacy Building Project. The Defendants have conceded that the issues presented by Lusi are not moot should this Court invalidate RFP # 7056815. Intervenor's Supp. Memo. at 8.
While the Court declines to invalidate the RFP itself, it is also satisfied that the issue presented in Lusi's present Motion is not moot where the affects of the regulations, whether or not challenged at this time, are still weighing upon the Plaintiffs. As Lusi points out, the Court's decision herein is significant to the remaining counts of relief as set forth in its complaint. Specifically, Lusi's amended supplemental complaint asks this Court to declare RFP # 7056815 invalid. Although that issue is not presently before the Court on this Motion for Partial Summary Judgment, the Court is satisfied that it may be affected by the Court's decision herein.
 IV Conclusion
After due consideration of the arguments advanced by counsel at oral arguments and in their memoranda, the Court will grant Lusi's motion for partial summary judgment, and will enter a declaration that Emergency Regulation 8.11.2 was invalid because it failed to comply with the State Purchases Act, in that no criteria for choosing between alternative methods of management of construction were provided as required by G.L. § 37-2-39. Prevailing counsel shall within 10 days present an order consistent herewith to the Court, which shall be settled after due notice to counsel of record.
[1] Specifically, the State Purchases Act requires that:
 Contracts exceeding the amount provided by § 37-2-22 shall be awarded by competitive sealed bidding unless it is determined in writing that this method is not practicable or that the best value for the state may be obtained using an electronic reverse auction as set forth in § 37-2-18.1. See G.L. 1956 § 37-2-18(a). *Page 1