DECISION
Before this Court are Super. R. Civ. P. 56 cross motions for summary judgment filed by Thomas Depetrillo ("Depetrillo or Plaintiff") and Defendants Belo Holdings, Inc. ("Belo"), and Citadel Broadcasting Company ("Citadel") (collectively, "Defendants") on Plaintiff's claim for declaratory judgment and injunctive relief. Plaintiff has moved for summary judgment challenging the validity of Citadel's right of first refusal and the termination of his purchase and sale agreement.
 I Facts and Travel
Belo is the owner of four parcels of property located at or near 30 Ludlow Street in Johnston, Rhode Island ("the Property"). On April 1, 1985, The Providence Journal Company, predecessor in interest to Belo, and Providence Broadcasting Corporation, predecessor in interest to Citadel, entered into a lease agreement ("Lease Agreement") concerning a portion of that property and more specifically the use of an FM Tower and transmitter site on the property. Section 14 of the Lease Agreement granted the Citadel a right of first refusal to purchase the tower and transmitter site which was more fully described in Appendix A of the Lease *Page 2 
Agreement as "[t]he area encompassed within a radius of 500 feet of the FM Tower, together with all appropriate vehicular and utility line easements."
In March 2009, Depetrillo and Belo entered into a Letter of Intent to purchase the property for $750,000. Being aware of Citadel's right of first refusal, Plaintiff hand annotated the condition that "Seller will immediately notify Citadel of their FROR (sic)." (Pl. Ex. 6; Defs. Ex. D). On March 24, 2009, Belo communicated the proposed offer to purchase the Property to Citadel and requested that Citadel execute a waiver of its right of first refusal pursuant to Section 14 of the Lease Agreement. (Defs. Ex. E).
In accordance with the terms of the Letter of Intent, Plaintiff and Belo executed a purchase and sale agreement ("P S") regarding the sale of the Property. (Defs. Ex. F; Pls. Ex. 8). According to paragraph 3.3 of the P S, Belo had until April 30, 2009, unless there was a proper extension of the due diligence period, to provide Depetrillo with written evidence that Citadel had waived or rejected its right of first refusal contained in Section 14 of the Lease Agreement. However, on April 22, 2009, Citadel notified Belo that it was exercising its right of first refusal. (Defs. Ex I; Pls. Ex. 9). On the same day, namely April 22, 2009, Belo notified Plaintiff's counsel that Citadel had exercised its right. (Pls. Ex. 10; Defs. Ex J). Additionally, at this time, Belo attached a proposed letter agreement that would have kept Plaintiff's P S in effect until Citadel's closing date. Essentially, the proposed agreement provided that in the event that Citadel did not close on the Property, Plaintiff could purchase it under the same terms and conditions outlined in his P S. Plaintiff declined to sign this letter agreement and Belo directed its escrow agent to return Plaintiff's deposit. (Pl. Ex 11).
On April 29, 2009, Citadel and Belo executed a purchase and sale agreement and Citadel provided a $50,000 deposit. Subsequently, Plaintiff requested Belo to forward him proof that *Page 3 
Citadel complied with all of the conditions in his P S, including a $50,000 deposit with an escrow agent. (Pl. Ex. 12). In response, Belo sent Plaintiff a letter stating that Citadel had provided a $50,000 deposit and the purchase price and closing terms were the same as under the Plaintiff's P S. (Defs. Ex. R). On June 12, 2009, Plaintiff recorded a lis pendens against the Property in the Town of Johnston Land Evidence Records and proceeded to file the instant action.[1]
 II Standard of Review
Summary judgment is proper when, after reviewing the admissible evidence in the light most favorable to the non-moving party, "no genuine issue of material fact is evident from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and the motion justice finds that the moving party is entitled to prevail as a matter of law."Smiler v. Napolitano, 911 A.2d 1035, 1038 (R.I. 2006) (quoting Rule 56(c)). When considering a motion for summary judgment, "the court may not pass on the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion."Lennon v. MacGregor, 423 A.2d 820, 822 (R.I. 1980). During a summary judgment proceeding, "the justice's only function is to determine whether there are any issues involving material facts."Id. (quoting Steinberg v. State,427 A.2d 338, 340 (R.I. 1981)). "Therefore, summary judgment should enter `against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" Lavoie v. North East Knitting, Inc.,918 A.2d 225, 228 (R.I. 2007) (quoting Celotex Corp. v.Catrett, 477 U.S. 317, 322 (1986) (construing the substantially similar federal rule)). *Page 4 
 III Discussion
In the instant matter, Plaintiff filed an action for declaratory and injunctive relief with respect to the Property in Johnston owned by Defendant, Belo. Plaintiff has moved for summary judgment claiming that his P S agreement was improperly terminated given that Citadel's right of first refusal does not apply to any particular parcel of real estate and therefore is unenforceable. In their cross motion for summary judgment, Defendants argue first, that Plaintiff lacks standing to bring the instant action and furthermore, that Citadel's right of first refusal is valid and enforceable.
As a preliminary matter, when confronted with a request for declaratory relief, a trial justice must first determine whether a party has standing to sue. A standing inquiry "focuses on the party who is advancing the claim rather than on the issue the party seeks to have adjudicated." Bowen v. Mollis,945 A.2d 314, 317 (R.I. 2008) (citing McKenna v. Williams,874 A.2d 217, 225 (R.I. 2005)). Proper standing exists when the plaintiff has suffered some injury in fact, economic or otherwise, such that there has been "an invasion of a legally protected interest which is (a) concrete and particularized * * * and (b) actual or imminent, not `conjectural' or `hypothetical.'"Pontbriand v. Sundlun, 699 A.2d 856, 862 (R.I. 1997) (quotingLujan v. Defenders of Wildlife, 504 U.S. 555, 560, (1992)). When determining issues of standing, a trial justice must determine whether, if the allegations are proven, the plaintiff has sustained an injury and has alleged a personal stake in the outcome of the litigation before the party may assert the claims of the public.Bowen, 945 A.2d at 317 (citing Burns v. Sundlun,617 A.2d 114, 116 (R.I. 1992)).
In this case, Defendants compare the facts to those inBrough v. Foley and assert that as a stranger to the Lease Agreement, Plaintiff has no standing to litigate any of the issues in his *Page 5 
complaint. 525 A.2d at 919. Plaintiff challenges the comparison, arguing that in Brough, unlike in the instant matter, there was no dispute that the same property was subject to the right of first refusal as well as the purchase agreement. This Court finds Plaintiff's argument that Brough is inapposite to be unavailing. In Brough, similar to the instant matter, a purported purchaser brought suit against the holder of a right of first refusal alleging that the right was unenforceable.Id. Our Supreme Court held that since the purported purchaser entered into a sales agreement subject to honoring a right of first refusal, the agreement gave no right to purported purchasers to challenge the validity of right of first refusal.Id. at 921-22.
Here, just as in Brough, Plaintiff's sole rights in respect to the subject real estate are described in his P S. BrennerAssociates, Inc. v. Rousseau, 537 A.2d 120, 123 (R.I. 1988). Nothing in the P S gave Plaintiff the right to challenge the right of first refusal or the effectiveness of its exercise.Brough, 525 A.2d at 922. Just as in Brough, references in Plaintiff's P S to the agreement describing the right of first refusal did not give Plaintiff rights with respect to that agreement or right of first refusal. Id. at 92. Plaintiff was a stranger to the Lease Agreement between Belo and Citadel and its pertinent right of first refusal and therefore has no rights to litigate its validity. Id.
Furthermore, Plaintiff's P S was expressly subject to the production of written evidence by April 30, 2009, that Citadel had waived or rejected its rights under Section 14 of the Lease Agreement. (Pls. Ex. 8). Pursuant to these express terms, Belo notified Plaintiff on April 22, 2009, that Citadel was, in fact, exercising its option to purchase the property described in Appendix A of the Lease Agreement. (Pl. Ex 10). In addition, Plaintiff declined to sign Belo's Letter Agreement, which proposed to leave Depetrillo's P S in effect until Citadel's closing *Page 6 
date. As evidenced by the plain terms of the P S, as well as Plaintiff's intent, the agreement between Depetrillo and Belo was no longer enforceable.
Plaintiff's final argument regarding standing and the validity of Citadel's right is that the language in his P S provided him with the opportunity to purchase all of Belo's property identified as Parcel I and Parcel II while Citadel's right of first refusal only applied to the purchase of the radio tower and transmitter site as described in Appendix A of the Lease Agreement. (Pl. Ex. 9). However, Plaintiff's contention that Citadel should only have a right to purchase the smaller tract of land described in Appendix A of the Lease Agreement is unavailing. Citadel's choice to exercise its right did not extinguish Belo's intent to sell both parcels of land. (Defs. Memo. 16). Furthermore, Belo's acceptance was not an attempt to defeat Plaintiff's right to purchase the property since Plaintiff's right was expressly conditioned upon Citadel's waiver of its right of first refusal. It is well-settled that the right of first refusal "`requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the [right of first refusal] at the stipulated price"' in the offer from the third party. Kenyon v. Anderson,656 A.2d 963, 965 (R.I. 1995) (citing Hood v. Hawkins,478 A.2d 181, 185 (R.I. 1984) (quoting Mercer v. Lemmens,230 Cal.App.2d 167 (1964)). In addition, in instances "where no price is stated when the right is granted, the offer of the third party supplies the terms under which the right may be exercised." Kenyon, 656 A.2d at 966 (citing Radio WEBS,Inc. v. Tele-Media Corp., 249 Ga. 598, 292 S.E.2d 712 (1982)).
Here, to properly exercise its right, Citadel needed to match the price and terms specified in Plaintiff's offer for the entire property. Our Supreme Court has found that the holder of a right of first refusal may enjoin the proposed sale of a larger tract of land that includes the parcel subject to the right of first refusal, butmay not force a separate sale of the smaller tract of land. *Page 7 Sawyer v. Firestone,513 A.2d 36, 40 (R.I. 1986) (emphasis added). Therefore, in order for Citadel to purchase the area of property subject to its right of first refusal, it effectively needed to match Plaintiff's offer for the entire property.
 IV Conclusion
After due consideration of the arguments advanced by counsel at oral argument and in their memoranda, the Court finds that as a stranger to the original Lease Agreement between Belo and Citadel, Plaintiff has no standing to challenge Citadel's right of first refusal or the effectiveness of its exercise. Additionally, since Plaintiff's P S was expressly subject to Citadel's right of first refusal, Citadel's exercise of that right nullified the P S between Depetrillo and Belo. Moreover, Citadel properly exercised its right by matching Plaintiff's offer for the entire property. Therefore, this Court grants Defendants' motion for summary judgment as to all claims and orders that the notice of lis pendens be vacated from the public records in the Town of Johnston.
Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] Subsequent to the filing of the lis pendens and suit, the property was conveyed by Belo to Citadel.