April 8, 2019

Christy's Auto Rentals, Inc.   :

v.   :

Massachusetts Homeland Insurance :
  Company et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christy's Auto Rentals, Inc.                    :

v.                                             :

Massachusetts Homeland Insurance               :
        Company et al.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  This case arose out of a dispute concerning a motor

vehicle collision that occurred in October of 2012 while Christian Lanoie was driving a vehicle

that he had rented from Christy's Auto Rentals, Inc. (Christy's).  In the wake of that collision,

Christy's brought a declaratory judgment action in the Superior Court, naming as defendants

both Mr. Lanoie and his insurer, Massachusetts Homeland Insurance Company (Homeland).[1]

On January 25, 2016, the Providence County Superior Court denied Christy's motion for

summary judgment and granted Homeland's cross-motion for summary judgment, after hearings

were conducted with respect to both motions.  The grant of summary judgment was predicated

on the hearing justice's determination that Christy's lacked standing.  However, after ruling that

Christy's lacked standing, the hearing justice nonetheless went on to opine that Mr. Lanoie's

---

[1]     Christy's also brought a separate civil action sounding in tort against Mr. Lanoie in the
Providence County Superior Court (PC-2014-2123).  That case remains pending in the Superior
Court.

policy of insurance with Homeland did not provide coverage for the collision at issue and that such coverage was not statutorily mandated.

Christy's timely appealed to this Court, contending that the hearing justice incorrectly determined: (1) that Homeland did not waive standing as a defense; (2) that Christy's did not have standing to pursue the declaratory judgment action; (3) that Homeland's insurance policy did not provide coverage with respect to the collision at issue; and (4) that coverage was not mandated by G.L. 1956 § 27-7-6.

For the reasons set forth in this opinion, we affirm the hearing justice's ruling with respect to Christy's lack of standing.

## I

### Facts and Travel

In relating the pertinent facts, we rely primarily upon the transcripts of the November 17 and December 17, 2015 hearings in the Superior Court as well as other documents contained in the record before us.

### A

### Underlying Truck Rental Agreement and Accident

On October 9, 2012, Mr. Lanoie entered into a Rental Agreement with Christy's for the purpose of renting a 2007 Mitsubishi Fuso box truck for one day. At that time, Mr. Lanoie was employed by a barbecue vendor as a manager. It is uncontested that he rented the truck in order to transport barbecue equipment back to the vendor's home base after the equipment had been used at a seasonal fair in Topsfield, Massachusetts. When he entered into the Rental Agreement, Mr. Lanoie declined to purchase the proffered "Liability Protection" option, and he so indicated by affixing his initials to a section of the Rental Agreement that acknowledged that he "agree[d]

to be responsible for all damage or loss [he might] cause to others." At the time that he signed the agreement with Christy's, Mr. Lanoie had a personal automobile insurance policy issued by Homeland. That policy covered Mr. Lanoie's personal vehicle from November 6, 2011 through November 6, 2012.

It is uncontested that, on October 10, 2012, Mr. Lanoie returned the rental vehicle to Christy's and that a corner of the vehicle had been damaged as a result of colliding with a concession trailer at the fair. The concession trailer was owned by Dean and Flynn Fiesta Shows (Dean and Flynn). It appears that the trailer incurred damages in the amount of $1,300; Dean and Flynn was compensated by Christy's on December 7, 2012. Several months later, in April of 2014, Christy's sued Mr. Lanoie in order to recover the amount paid to Dean and Flynn and to obtain compensation for the damages to the Christy's vehicle. At the same time, Christy's filed the instant declaratory judgment action against Homeland.[2]

**B**

**Declaratory Judgment Action Against Homeland**

In the declaratory judgment action against Homeland, Christy's sought a ruling that the damages Mr. Lanoie caused to its rental vehicle and to the Dean and Flynn trailer were covered under Mr. Lanoie's policy with Homeland. In its answer, Homeland asserted that Mr. Lanoie's policy did "not cover the damages for which the plaintiff complains." Homeland also denied many of the allegations set forth in the petition for declaratory judgment—notably including Christy's allegation that the Superior Court "has jurisdiction to declare the rights, status, and

---

[2] Mr. Lanoie is a nominal defendant in this declaratory judgment action. He was joined in order to satisfy the requirement of the Uniform Declaratory Judgments Act that all interested persons be joined in the action. General Laws 1956 § 9-30-11; *see generally Burns v. Moorland Farm Condominium Association*, 86 A.3d 354, 360 (R.I. 2014). Counsel for Christy's represented as follows to the hearing justice who presided over this case: "[T]here is no claim against Mr. Lanoie. He's here because he has to be because the statute requires him to be."

legal relations of the parties pursuant to R.I.G.L. 9-30-1" and its allegation that "[t]here is an actual dispute between Plaintiff Christy's Auto Rentals, Inc. and Defendants Massachusetts Homeland Insurance Company and Christian R. Lanoie under the above policy."

On August 21, 2015, Homeland filed a motion for summary judgment, arguing "that no material issue of fact is in dispute between the parties with regard to [Homeland's] liability to the plaintiff because * * * the plaintiff lacks standing to maintain this direct action against this defendant[.]" On August 27, 2015, Christy's filed a cross-motion for summary judgment, contending: (1) that "Homeland * * * waived its right to avail itself of the standing defense by failing to assert it in its Answer;" and (2) that "Homeland's argument regarding Christy's standing to assert this declaratory judgment action is fallacious and contrary to the plain language and legislative intent of the Uniform Declaratory Judgments Act." The hearing justice conducted hearings on the issue of standing on November 17 and December 17, 2015. At the conclusion of the latter hearing, the hearing justice ruled from the bench.

In his bench decision, the hearing justice ruled that, because standing was "raised in a motion for summary judgment where the plaintiff had the opportunity and in fact argues substantively on the issue and had the right to address it[;] * * * the issue was not waived by the failure to put it in the answer." Having determined that there was no waiver, the hearing justice then proceeded to rule on the merits of the standing argument and held that "this claim is barred because * * * Christy's lacks standing." The hearing justice acknowledged that "the Supreme Court has never firmly decided this," but he noted that "I do see language that says that in Rhode Island and most other jurisdictions an injured party lacks standing to maintain a direct action for damages against a tortfeasor's insurer until and unless the injured party secured a judgment against the tortfeasor."

Although he had just specifically determined that Christy's lacked standing, the hearing justice did not simply decline to opine on other issues. Instead, he went on to state that, "even if they [i.e., Christy's] had standing in this particular instance, there wouldn't be coverage under the policy * * *." He additionally held that the Rental Agreement at issue "is not covered by [§ 27-7-6]."[3] Accordingly, the hearing justice granted Homeland's motion for summary judgment and denied Christy's cross-motion. Final judgment entered in favor of Homeland on January 25, 2016, and Christy's timely appealed to this Court.

## II

## Standard of Review

It is well established that "[t]his Court examines an appeal from cross-motions for summary judgment *de novo*" and that we "apply the same standards as those used by the trial court." *Glassie v. Doucette*, 159 A.3d 88, 93 (R.I. 2017) (internal quotation marks omitted). We will affirm a hearing justice's decision to grant summary judgment "when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). We remain mindful of the principle that "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Tarro v. Checrallah*, 60

---

[3]    General Laws 1956 § 27-7-6 provides as follows:

> "For liability assumed under a written contract, coverage shall be provided under the property damage liability section of an insured's private passenger automobile insurance policy. Property damage coverage shall extend to a rented motor vehicle, under ten thousand (10,000) lbs, without regard to negligence for a period not to exceed sixty (60) consecutive days."

A.3d 598, 601 (R.I. 2013) (internal quotation marks omitted). At the end of the day, "[s]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case[.]" *Carlson v. Town of South Kingstown*, 131 A.3d 705, 708 (R.I. 2016) (internal quotation marks omitted).

**III**

**Analysis**

**A**

**The Alleged Waiver of the Standing Issue**

Christy's contends that Homeland waived standing as a defense to the declaratory judgment action by failing to raise that defense in its answer. Christy's points to Rules 8(c) and 12(h) of the Superior Court Rules of Civil Procedure as being supportive of its contention that standing is "an affirmative defense that may be waived if not properly pled in the answer."

Rule 8(c) of the Superior Court Rules of Civil Procedure reads as follows:

> "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

And Rule 12(h) of the Superior Court Rules of Civil Procedure reads in pertinent part as follows:

> "A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided or, if the party has made no motion, in the party's answer or reply[.]"

It is patently clear that standing is not specifically listed in Rule 8(c) as an affirmative defense that is considered to be waived if not presented in a motion, answer, or reply in accordance with Rule 12(h). Nonetheless, in its appellate brief, Christy's argues that one should

- 6 -

read this Court's opinion in *Direct Action for Rights and Equality v. Gannon*, 713 A.2d 218 (R.I. 1998), as supportive of its contention that Rules 8(c) and 12(h) mean that standing "may be waived if not properly pled in the answer." In our view, however, Christy's reads this Court's opinion in *Direct Action* far too broadly. The *Direct Action* opinion did *not* state that the defense of standing must be raised in an answer as though it were one of the defenses itemized in Rule 8(c). What this Court actually noted in *Direct Action* was that the issue of standing "was *never raised before the trial justice* and, therefore, [was] * * * waived." *Direct Action*, 713 A.2d at 222 (emphasis added).[4] The whole thrust of the *Direct Action* opinion with respect to the waiver of the defense of lack of standing was that the trial justice had not been alerted to that issue at any time; the opinion makes no reference whatsoever to Rules 8(c) or 12(h) or to what must be included in a responsive pleading. *See id.*

Moreover, even assuming *arguendo* that the defense of lack of standing constitutes an affirmative defense under Rule 8(c) (even though it is not specifically mentioned therein), it is nonetheless our view that Homeland's raising said defense in its motion for summary judgment was sufficient in view of the totality of what transpired in the Superior Court.[5] *See Industrial National Bank v. Peloso*, 121 R.I. 305, 309, 397 A.2d 1312, 1314 (1979) (holding that an affirmative defense raised at summary judgment "could be interposed as a defense upon an amendment of defendant's pleadings, and we believe that plaintiff is not prejudiced at this stage

---

[4]    *See also Costa v. Silva*, 996 A.2d 607, 611 n.4 (R.I. 2010) ("[S]tanding can be waived by a party's failure to raise the issue before the trial justice[.]").

[5]    In this case, unlike in *Direct Action*, the parties addressed the issue of the possible waiver of the standing argument in written memoranda submitted to the hearing justice as well as in oral argument before him on two separate hearing dates. No similar pre-trial ventilation of the standing issue took place in the *Direct Action* case. *See Direct Action for Rights and Equality v. Gannon*, 713 A.2d 218, 222 (R.I. 1998).

of the proceedings by the manner in which the defense was raised in opposition to the motion for summary judgment"); *see also McNulty v. Chip*, 116 A.3d 173, 180-81 (R.I. 2015); *Air-Lite Products, Inc. v. Gilbane Building Co.*, 115 R.I. 410, 421-22, 347 A.2d 623, 629 (1975). We are in agreement with the hearing justice when he expressly noted that "the plaintiff had the opportunity and in fact argues substantively on the issue and had the right to address it * * *."

In conclusion, it is our view that Christy's was not prejudiced by Homeland having raised the standing issue for the first time in its motion for summary judgment; and we are of one mind with the hearing justice as to there having been no waiver of that defense.[6]

**B**

**Christy's Standing in the Instant Declaratory Judgment Action**

Having determined that Homeland did not waive the defense of lack of standing, we turn next to the hearing justice's substantive ruling that Christy's lacked standing. Christy's argues that it has standing under the Uniform Declaratory Judgments Act to pursue a declaration to the effect that Mr. Lanoie's insurance policy with Homeland covers the damages to Christy's own rental vehicle and to the Dean and Flynn trailer.

The Uniform Declaratory Judgments Act states:

> "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights,

---

[6] Additionally, in its answer to Christy's complaint, Homeland expressly denied the paragraphs in the complaint wherein Christy's alleged the existence of jurisdiction and actual controversy. Since we have determined that the standing issue was not waived by Homeland because it raised said issue in its motion for summary judgment, we need not decide whether those denials by Homeland in its answer would have been sufficient to raise and preserve the issue of standing.

status, or other legal relations thereunder."  General Laws 1956 § 9-30-2.

This Court held in *Bowen v. Mollis*, 945 A.2d 314 (R.I. 2008), that "the Superior Court lacks jurisdiction to adjudicate claims under the Uniform Declaratory Judgments Act *in the absence of an actual justiciable controversy*."  *Bowen*, 945 A.2d at 317 (emphasis added); *see Millett v. Hoisting Engineers' Licensing Division of Department of Labor*, 119 R.I. 285, 291, 377 A.2d 229, 233 (1977) (referring to "the prerequisite that the party seeking declaratory relief present the court with an actual controversy"); *see also McKenna v. Williams*, 874 A.2d 217, 226 (R.I. 2005).

Christy's directs our attention to declaratory judgment cases in which we have explicitly reserved judgment on the question of standing that the instant case raises.  *See Mendez v. Brites*, 849 A.2d 329, 332 n.2 (R.I. 2004) ("[M]indful that no party in this case properly has briefed and argued whether Mendez constitutes an injured party under § 27-7-2 who would, therefore, lack standing to bring this suit, we shall assume, without deciding, that Mendez possessed the requisite standing to bring this declaratory-judgment action[.]") (internal quotation marks omitted); *see also Robinson v. Mayo*, 849 A.2d 351, 353 n.2 (R.I. 2004) ("[W]e will assume *arguendo* the existence of standing because no party in this case has briefed this issue * * *. [T]he question of whether an injured party has standing to sue the insurer in a declaratory-judgment action seeking a ruling on the scope of the policy's coverage * * * is still unsettled.").

In the instant case, by contrast to the situation in the just-cited cases, the parties unquestionably *have* "properly * * * briefed and argued" the issue of a party's standing (or lack thereof) to seek a declaratory judgment regarding a contract of insurance to which it is not a party.  As such, it is now our role to grapple with that long-deferred issue.  In applying this Court's venerable principles concerning standing to the circumstances of this declaratory

- 9 -

judgment action, Christy's suit must fail because it has not alleged *an injury in fact* as our jurisprudence requires. We have been very clear as to this principle. *See, e.g.*, *Cruz v. Mortgage Electronic Registration Systems*, *Inc.*, 108 A.3d 992, 996 (R.I. 2015) ("The determination of whether a party has standing begins with the pivotal question of whether the party alleges that the challenged action has caused him or her injury in fact.") (internal quotation marks omitted); *Bowen*, 945 A.2d at 317 (holding that the injury must consist of a "legally cognizable and protectable interest [that] must be concrete and particularized * * * and * * * actual or imminent, not conjectural or hypothetical") (internal quotation marks omitted).

A party who is not in privity of contract may not seek enforcement or interpretation of that contract. *See generally Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 534-35 (R.I. 2013) (stating that "an individual who [is] not a party to a contractual agreement lacks standing to challenge its validity") (internal quotation marks omitted). Christy's is a stranger to the contract about which it seeks an interpretation (*viz.*, the contract of insurance between Homeland and Mr. Lanoie). Christy's asserted injury (*viz.*, that it was "damaged as a result of Mr. Lanoie's negligence and breach of the Rental Agreement and his liability insurer has refused to indemnify him") is, in the words of this Court in *Bowen*, completely "conjectural" and "hypothetical" unless and until there is an unsatisfied final judgment in Christy's tort action against Mr. Lanoie. *See Bowen*, 945 A.2d at 317; *see also Hunt v. Century Indemnity Co.*, 58 R.I. 336, 343, 344, 192 A. 799, 802, 803 (1937) (holding that an injured third party "is as much entitled to invoke every right or remedy to make the contract effective to do the thing intended by the original parties to it as is the insured" because that third party "stands in the shoes of the insured, *at least after he has obtained a judgment against the insured*") (emphasis added). Because Christy's lacked standing to pursue its declaratory judgment action against Homeland,

Homeland was indeed entitled to judgment as a matter of law, and the hearing justice properly granted Homeland's motion for summary judgment.[7]

Christy's does not remain without a remedy; the tort action currently pending against Mr. Lanoie offers Christy's a procedurally proper avenue to pursue the damages to which it believes it is entitled. *See Mendez*, 849 A.2d at 331 n.2 (stating that "an injured party lacks standing to maintain a direct action for damages against a tortfeasor's insurer *until and unless* the injured party has secured a judgment against the tortfeasor") (emphasis added). If Christy's succeeds in obtaining judgment against Mr. Lanoie and is unable to collect on that judgment from him, it would then have a legally cognizable interest that is no longer hypothetical.

In conclusion, we perceive no error whatsoever in the hearing justice's granting of summary disposition to Homeland, and we therefore affirm the hearing justice's ruling that Homeland did not waive the standing defense and that Christy's lacked standing to pursue this declaratory judgment action.

## IV

## Conclusion

For the above-stated reasons, we affirm the judgment of the Superior Court granting Homeland's motion for summary judgment on standing grounds in this declaratory judgment action. We remand the record to that tribunal.

---

[7] Since we are affirming the hearing justice's determination that Christy's lacked standing to pursue this declaratory judgment action, we would simply observe that the portions of the hearing justice's bench decision wherein he opined that the collision at issue was not covered under Mr. Lanoie's policy of insurance with Homeland, as well as the portion of his decision wherein he opined about the non-applicability of G.L. 1956 § 27-7-6, are mere dicta. When a court makes a statement concerning how it *would have* ruled had a question been properly before it, that statement is nothing more than "nonbinding dicta." *Rachal v. O'Neil*, 925 A.2d 920, 929 (R.I. 2007); *see Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399-400 (1821).

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Christy's Auto Rentals, Inc. v. Massachusetts Homeland Insurance Company et al. |
| **Case Number** | No. 2016-104-Appeal. (PC 14-2124) |
| **Date Opinion Filed** | April 8, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Michael R. De Luca, Esq.<br>Stephen J. Sypole, Esq. |
| | For Defendants:<br><br>Todd J. Romano, Esq.<br>C. Russell Bengtson, Esq.<br>John A. Donovan III, Esq.<br>Judah H. Rome, Esq. |